UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATELLITE AFFORDABLE HOUSING ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>DUANE JOACHIM,<br><br>Defendant. | Case No.  26-cv-01698-HSG<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO REMAND ACTION**<br><br>Re: Dkt. No. 10 |

The Court has reviewed Magistrate Judge Tse's Report and Recommendation to Remand Action, Dkt. No. 10, as well as Defendant's objections to the report, Dkt. No. 13.  Plaintiff filed an unlawful detainer action against Defendant in Alameda Superior Court for damages of less than $10,000.  Dkt. No. 1 at 16.  Defendant removed, Dkt. No. 1, and sought leave to proceed *in forma pauperis*, Dkt. No. 2.  After granting leave for Defendant to proceed *in forma pauperis*, Dkt. No. 9, Judge Tse screened the case under 28 U.S.C. § 1915(e)(2)(B) and observed that Defendant's only claim was for unlawful detainer, which "is a state law cause of action" that "does not present any federal question."  Dkt. No. 10 at 3.  As he explained, "defenses or counterclaims are insufficient bases for federal question jurisdiction."  *Id.*  Since this was Defendant's only basis for removal (and Defendant had not established the amount-in-controversy requirement, regardless), Judge Tse recommended that the case be remanded.  *Id.* at 4.  Defendant objected.  Dkt. No. 13.

First, Defendant argues that the mandatory screening provision of § 1915 does not apply to a defendant who removes a state court action.  Dkt. No. 13 at 3–4.  Courts in this district have observed that "the plain language of Section 1915(e)(2)(B) makes clear that 'the court shall dismiss the case' without regard to which party sought leave to proceed *in forma pauperis* under Section 1915(a)."  *See, e.g.*, *Chiang v. Afifi*, No. 25-CV-02074-PHK, 2025 WL 1212480, at *1

(N.D. Cal. Apr. 9, 2025), *report and recommendation adopted*, No. 25-CV-02074-CRB, 2025 WL 1207540 (N.D. Cal. Apr. 25, 2025) (quoting 28 U.S.C. § 1915(e)).  Defendant initiated this federal action and voluntarily sought *in forma pauperis* status pursuant to § 1915, so he cannot now argue that those same provisions do not apply to him.  Moreover, even if Defendant was correct, the Court may still dismiss a case sua sponte for lack of subject matter jurisdiction.  Fed. R. Civ. Proc. 12(h)(3); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Second, Defendant argues that the report and recommendation "commits clear legal error by applying only the *Franchise Tax Board* well-pleaded complaint rule and failing entirely to address the controlling standard under *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005)."  Dkt. No. 13 at 5.  The Supreme Court has interpreted *Grable* to mean that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  But the Ninth Circuit has held that "a state law claim presents a justiciable federal question under *Grable* only if it satisfies *both* the well-pleaded complaint rule *and* passes the implicates significant federal issues test."  *Newtok Vill. v. Patrick*, 21 F.4th 608, 619 (9th Cir. 2021) (quotation omitted) (emphasis in original).

Defendant argues that Plaintiff "is attempting to evict a disabled United States military veteran from a federally funded housing unit using a state unlawful detainer action whose entire legal foundation rests on a fraudulent federal inspection certification."  Dkt. No. 13 at 1.[1]  He claims that "OHA Inspector Chelsea Skorka [fraudulently] issued a certification purporting to lift [his rent] abatement and declare all [habitability] violations corrected."  *Id.* at 2.  "That fraudulent certification – a federal regulatory act under 24 C.F.R. Parts 8, 882, and 983 – is the sole predicate for [Plaintiff's] right to collect rent and subsequently to evict."  *Id.*  Defendant argues that this "is not a defense Defendant raises; it is an element [Plaintiff] must prove to establish its claim," since

---

[1] Defendant alleges that his tenancy is "governed by the Housing Choice Voucher . . . program under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, and implementing regulations at 24 CFR Part 982."  Dkt. No. 1 at 2.

United States District Court
Northern District of California

Plaintiff "cannot show it was entitled to collect rent, that no valid abatement was in place, or that any lease violation occurred without relying on the validity of that federal certification." *Id.* at 5–6.

Defendant has not identified a federal issue that is apparent on the face of Plaintiff's complaint, nor one that is "necessarily raised" and "substantial." "The basic elements of unlawful detainer for nonpayment of rent . . . are (1) the tenant is in possession of the premises; (2) that possession is without permission; (3) the tenant is in default for nonpayment of rent; (4) the tenant has been properly served with a written three-day notice; and (5) the default continues after the three-day notice period has elapsed." *KB Salt Lake III, LLC v. Fitness Int'l, LLC*, 95 Cal. App. 5th 1032, 1045 (2023) (quotation omitted). It is well-established that "[a]n unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at*3 (N.D. Cal. June 6, 2011). The allegedly fraudulent certification at most supports a defense to Defendant's obligation to pay rent, and he has not shown why this or the underlying federal program forms an essential element of Plaintiff's claim. *Cf. Lundy v. Bradach*, No. 14-CV-00430-LHK, 2014 WL 726559, at *2–*3 (N.D. Cal. Feb. 25, 2014) (noting that "allegations in a removal notice" that "termination of [defendant's] Section 8 tenancy violates federal housing laws" did not provide federal question jurisdiction, and concluding that there was no substantial federal question where "termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law" (quotation omitted)).

Third, Defendant argues that Housing Choice Voucher tenancies are governed by 42 U.S.C. § 1437f, which "comprehensively governs the conditions under which a federally subsidized tenancy may be terminated," and completely preempts state law. Dkt. No. 13 at 6–7. "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). "Complete preemption . . . arises only in 'extraordinary' situations. The test is whether Congress clearly manifested an intent to convert state law claims into federal question claims." *Ansley v.*

*Ameriquest Mortgage Co.*, 340 F.3d 858, 862 (9th Cir. 2003) (citation and quotation omitted). This is not one of the rare cases where state law has been completely preempted by federal law. *See* 42 U.S.C. § 1437f(d)(1)(B)(ii) (noting that "the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause"); *MHS-Rossmore, LLC v. Lopez*, No. CV 08-2001-RGK FMOX, 2008 WL 2397498, at *2 (C.D. Cal. June 5, 2008) ("[42 U.S.C. § 1437f] does not expressly or impliedly preempt state or local laws. Rather, the statute and HUD regulations indicate that state law was intended to apply to [these] Section 8 eviction proceedings.").[2]

Fourth, Defendant argues that the report and recommendation did not consider whether Defendant met the amount-in-controversy requirement for diversity jurisdiction because of his compulsory counterclaims. Dkt. No. 13 at 7. Most courts have found that compulsory counterclaims do not count towards the amount in controversy. *See, e.g.*, *Breckenridge Prop. Fund 2016, LLC v. Gonzalez*, No. 17-CV-03915-JCS, 2017 WL 3381155, at *3 (N.D. Cal. Aug. 7, 2017) ("The amount in controversy is evaluated only with reference to the complaint and does not take into account counterclaims."); *AdvanStaff, Inc. v. JC Auto Enter. Cal, LLB*, No. 2:22-CV-00008-ART-DJA, 2022 WL 22825664, at *3 (D. Nev. Oct. 28, 2022) (collecting cases). Even if the Court disagreed with that approach (a question which it does not reach today), Defendant had the burden of proof of establishing diversity jurisdiction in his notice of removal. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). But he failed to show how the amount in controversy exceeds $75,000, and the face of the complaint says nothing to suggest that it does. Given that, Judge Tse correctly determined that the amount in controversy requirement was not met here. Dkt. No. 10 at 4.

Finally, Defendant argues that remanding this case would cause manifest injustice and

---

[2] While complete preemption does not apply here and thus does not grant the Court federal jurisdiction over these state law claims, Defendant may still argue that certain state law provisions are preempted by these federal programs as a defense in the state court proceedings. *See ARCO*, 213 F.3d at 1114 ("Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action [that] does not confer federal jurisdiction over the case.").

United States District Court
Northern District of California

prevent him from vindicating his federal rights. Dkt. No. 13 at 8. But these arguments are not a basis for the Court to exercise jurisdiction when it does not exist.

The Court finds the Report, Dkt. No. 10, correct, well-reasoned, and thorough, and **ADOPTS** it in every respect. Accordingly, the motion to remand (Dkt. Nos. 5, 15) and the motion to expedite (Dkt. Nos. 6, 16) are **DENIED AS MOOT**. The Clerk is directed to remand this case to the Superior Court of California for the County of Alameda and close the file. The Court also **DENIES** Defendant's motion for sanctions. Dkt. No. 18.[3]

**IT IS SO ORDERED.**

Dated:   4/7/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] The Court further **DENIES** Defendant's request for sanctions in his objections. Dkt. No. 13 at 9. There was nothing improper about filing a motion to remand just because Plaintiff knew that the case might separately be remanded based on the results of the then-pending screening order.

The Court also **DENIES** Plaintiff's request for attorneys' fees in its discretion. Dkt. No. 5-1 at 3.

5